UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAVEL, A.S., *et al.*,

Plaintiffs,

-v-

RYE DEVELOPMENT, LLC,

Defendant.

22-CV-9633 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

This matter comes before the Court on Plaintiffs' motion to remand to state court.  (Dkt. No. 10.)  The Court heard oral argument on the motion to remand on January 6, 2023.  For the reasons that follow, the motion is granted and this case is remanded to New York Supreme Court for New York County.

I.      **Background**

The procedural history of this matter begins with a 2021 lawsuit filed by Mavel, a.s. against Defendant Rye Development, LLC, among other defendants, in the District of Massachusetts.  There, Mavel, a.s. brought five state-law claims relating to breach of contract, as well as a federal claim under the Defend Trade Secrets Act (DTSA).  The court dismissed the DTSA claim because it found that a 2014 Memorandum of Understanding ("the MOU") between Mavel Americas and Rye's predecessor-in-interest required that claim to be adjudicated in arbitration.  *See Mavel, a.s. v. Rye Dev., LLC*, No. CV 21-11759-FDS, 2022 WL 4084289, at *1 (D. Mass. Sept. 6, 2022) ("Defendants contend that the DTSA claim must be dismissed because the MOU requires arbitration of that dispute. The Court agrees.").

The court rejected Mavel, a.s.'s argument that a 2021 non-disclosure agreement ("the NDA")—rather than the MOU—governed the outcome of the DTSA claim.  But notwithstanding

1

its dismissal of the DTSA claim, the court stated that, "Mavel may have (1) a claim against Rye

for fraudulent inducement, as it appears that Rye may have signed the agreement knowing that

the representation was false, (2) a claim for breach of the NDA, (3) or both." *Id*. at \*7.

As to the state law claims, the court declined to exercise supplemental jurisdiction and

dismissed them without prejudice. *Id*. at \*10. Mavel, a.s. and Mavel Americas subsequently

brought suit against Rye in the Supreme Court for the State of New York, County of New York,

alleging breach of the NDA, unfair competition, and unjust enrichment. Rye removed that suit to

this Court on November 11, 2022.

## II.    Discussion

Under 28 U.S.C. 1441(a), "any civil action brought in a State court of which the district

courts of the United States have original jurisdiction, may be removed by the defendant . . . to the

district court of the United States for the district and division embracing the place where such

action is pending." 28 U.S.C. § 1441(a). "The party asserting jurisdiction bears the burden of

proving that the case is properly in federal court." *United Food & Comm. Workers Union, Local

9191, AFL-CIO v. CenterMark Props. Meriden Square*, Inc. 30 F.3d 298, 301 (2d Cir. 1994)

(citing *McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 189 (1936)). "Because

statutory procedures for removal are to be strictly construed, we resolve any doubts against

removability." *Taylor v. Medtronic, Inc*. 15 F.4th 148, 150 (2d Cir. 2021).

Rye has not met its burden to justify removing this case to federal court.

As a threshold matter, Rye argues that Plaintiffs cannot "relitigate" the underlying factual

dispute due to the doctrine of collateral estoppel, or issue preclusion. As Defendant would have

it, the Massachusetts district court decided that any legal claim arising from Rye's alleged

disclosure of the confidential information described in the complaint is subject to arbitration.

Collateral estoppel applies where: (i) an identical issue was raised in a previous proceeding against the party; (ii) the issue was actually litigated and decided in the previous proceeding; (iii) the party had a full and fair opportunity to litigate the issue; and (iv) resolution of the issue was necessary to support a valid and final judgment on the merits. *Flood v. Just Energy Mktg. Corp.*, 904 F.3d 219, 236 (2d Cir. 2018) (citations omitted). Collateral estoppel does not apply here because the state-law claims at issue in the New York suit were not "actually litigated and decided" in the District of Massachusetts action. That court declined to exercise *any* jurisdiction over Mavel, a.s.'s state-law claims against Rye.

Rye emphasizes certain language in the court's opinion, in particular the conclusion that "because the MOU was the only contract that was in effect at the time of the alleged disclosures, it governs the dispute at issue here." *Mavel, a.s.*, 2022 WL 4084289, at *7. But the only "dispute" on which Chief Judge Saylor ruled was Mavel's DTSA claim, which he found to be arbitrable. That conclusion was driven by the court's reasoning that, in order for Mavel's DTSA claim to be viable, it had to have taken "reasonable measures" to protect its trade secrets—and because the NDA was not in place at the time, the MOU was the only applicable "reasonable measure." Rye's insistence that the Massachusetts district court decision must be read to require that even Plaintiffs' state-law claim for breach of the NDA must be subject to arbitration is an unjustified overreading of that opinion. The Massachusetts district court specifically acknowledged that it was not ruling on Mavel, a.s.'s potential NDA claims.

Having determined that collateral estoppel does not apply, the Court next considers whether removal of the New York action was appropriate. The parties differ on whether the MOU or the NDA governs the underlying dispute. The Court need not resolve that question

3

because even if it accepts Rye's argument that the MOU is the only applicable confidentiality

agreement here, the terms of the MOU make clear that removal is not permitted.

The New York Convention permits removal "where the subject matter of an action or

proceeding pending in a State court relates to an arbitration agreement or award falling under the

Convention."  9 U.S.C. § 205.  Section 202 defines what falls under the Convention:

> An arbitration agreement or arbitral award arising out of a legal relationship,
> whether contractual or not, which is considered as commercial, including a
> transaction, contract, or agreement described in section 2 of this title, falls under
> the Convention.  An agreement or award arising out of such relationship which is
> entirely between citizens of the United States shall be deemed not to fall under the
> Convention unless that relationship involves property located abroad, envisages
> performance or enforcement abroad, or has some other reasonable relation with one
> or more foreign states.  For the purpose of this section a corporation is a citizen of
> the United States if it is incorporated or has its principal place of business in the
> United States.

9 U.S.C. § 202.  There are two signatories to the MOU: Mavel Americas, Inc. and FFP New

Hydro, LLC (succeeded by Rye).  (Dkt. No. 26-4.)  Both are U.S. entities.  (*Id.*)  The MOU is

therefore an agreement "entirely between citizens of the United States."  It falls under the

Convention only if one of the three exceptions above applies.  None does.  At oral argument, Rye

contended that this matter involves intellectual property located abroad, but that argument is

unavailing.  Mavel has sufficiently contended that the confidential information at issue here was

exchanged within the United States, by Mavel employees located within the United States, and in

relation to hydropower projects within the United States.  (*See, e.g.*, Dkt. No. 11 at 18.)  Rye's

primary counterargument is that Mavel has, in prior stages of this litigation, made "no attempt to

differentiate" in its pleadings between Mavel Americas, Inc. and Mavel, a.s, which is a Czech

entity.  (Dkt. No. 25 at 18.)  Even if that is the case, the Court does not find that Mavel, a.s.'s

role as either the parent company of Mavel Americas, Inc. or the ultimate owner of Mavel's

intellectual property establishes the "important foreign element" necessary to find that the Convention applies, given the domestic backdrop of the facts at issue.  *See Jones v. Sea Tow Servs., Inc.*, 30 F.3d 360, 365 (2d Cir. 1994); *Access Info. Mgmt. of Hawaii, LLC v. Shred-It Am., Inc.*, No. CIV. 10-00622 JMS, 2010 WL 4642045, at \*5 (D. Haw. Nov. 2, 2010).

The Court therefore concludes that even if this dispute did arise under the MOU, the New York Convention does not apply because the present action does not relate to any arbitration agreement falling under the Convention.  Rye has therefore failed to establish a basis for removal.

Plaintiffs' request for an award for costs and fees (Dkt. No. 11 at 21) is denied.  Courts may award attorney's fees in connection with a motion to remand where "the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  The Court does not find that this standard was met here.  Although the Court ultimately concludes that Rye's position lacks merit, the Court does not find its arguments to be entirely lacking in an objectively reasonable basis.

## III.    Conclusion

Plaintiffs' motion to remand (Dkt. No. 10) is hereby GRANTED.  Plaintiff's motion for a preliminary injunction (Dkt. No. 13) is denied without prejudice to renewal in state court.

The Clerk of Court is directed to terminate the motions at Docket Numbers 10 and 13.

The Clerk is directed to REMAND this case forthwith to New York Supreme Court for New York County and to close the case on this Court's docket.

SO ORDERED.

Dated: January 10, 2023
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

5